IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEANETTE KAMERY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WHALEN LLC d/b/a WHALEN FURNITURE MANUFACTURING, a California limited liability company; and WHALEN FURNITURE MANUFACTURING, INC., a California corporation;<br><br>Defendants. | 4:19CV3032<br><br>ORDER |

This matter is before the Court on the Defendants' Motion to Change Designation of Place of Trial (Filing No. 23) asking that the Court move the place of trial from Lincoln, Nebraska, to North Platte, Nebraska. Plaintiff opposes the motion. (Filing No. 30). For the following reasons, the Court will deny the motion.

Plaintiff filed this action against Defendants seeking damages for permanent injuries she sustained when a Whalen bar stool slid out beneath her as she was attempting to sit in it at her home in Minden, Nebraska. Defendants, Whalen LLC and Whalen Furniture Manufacturing, Inc., both California businesses with their principal place of businesses in San Diego, California, designed, manufactured, and distributed the stools. (Filing No. 13). Defendants now move the Court to change the place of trial from Lincoln to North Platte.

In deciding the place of trial, "a judge considers the convenience of the litigants, witnesses, and attorneys." NECivR 40.1(b)(1). The party seeking to change the place of trial within this district bears the burden of establishing that the transfer should be granted. See NECivR 40.1(b). "The plaintiff's choice of forum is given great weight and should not be disturbed unless the movant makes a clear showing that the balance of interests weighs in favor of the movant." *Pals v. Weekly*, No. 8:17CV27, 2017 WL 1906609, at *1 (D. Neb. May 8, 2017) (Bazis, M.J.)(quoting *Aumann Auctions, Inc. v. Phillips*, No. 8:07CV431, 2008 WL 687056, *2 (D. Neb. Mar. 10, 2008) (Thalken, M.J.). "A transfer should not be granted if the effect is to merely shift the inconvenience from one party to the other." *Id.*

Defendants request that the Court move trial to North Platte from Lincoln because potential witnesses are located closer to North Platte than Lincoln. ([Filing No. 24 at p. 2](#)). Specifically, Plaintiff's residence and the site of the injury in Minden is approximately 117 miles southeast of North Platte, whereas Lincoln is 133 miles from Minden. ([Filing No. 25](#)). Defendants also assert that Plaintiff's treating physicians are located in Kearney, which is 97 miles southeast of North Platte and 130 miles from Lincoln. Defendants further anticipate that most of the "before and after lay witnesses" regarding Plaintiff's physical condition would be located in Trenton, Nebraska, which is 88 miles south of North Platte but 225 miles west of Lincoln. Defense counsel is located in North Platte. ([Filing No. 25](#)). Finally, Defendants assert, without evidence, that Lincoln will have more expensive meals, hotels, and parking than North Platte. ([Filing No. 24 at p. 3](#)).

Upon review of Plaintiff's opposition to Defendants' motion, the Court is convinced that the convenience of witnesses and the parties weighs in favor of trial in Lincoln, not North Platte. First, as Plaintiff points out, neither Plaintiff nor the Defendants reside in either North Platte or Lincoln, so the parties will have to travel for trial regardless of where it is held. Plaintiff resides in Minden, which is only 16 miles further away from Lincoln than North Platte, and Plaintiff is the party who chose Lincoln as the place of trial. Additionally, even though Defendants are the parties moving to change the place of trial to North Platte, Plaintiff nevertheless notes that the Defendants are located in San Diego, California, and it will be easier for them to travel to Lincoln than to North Platte.

The non-party witnesses' convenience further weighs in favor of Lincoln. Plaintiff submitted her affidavit stating that she has lived in Minden since October 2010 and has not lived in Trenton, Nebraska, since 1983. ([Filing No. 31-4 at p. 2](#)). As such, Defendants' assertion that potential "before and after lay witnesses" may be located in Trenton is unlikely speculation. Moreover, Plaintiff has retained an expert from Overland Park, Kansas, which is significantly closer to Lincoln (203 miles) than North Platte (427 miles). ([Filing No. 31-3](#)). Additionally, Plaintiff purchased the stools at issue from Nebraska Furniture Mart ("NFM") in Omaha, Nebraska, and the stools were delivered by NFM; therefore, some witnesses will be located in Omaha, which is 59 miles from Lincoln but 280 miles from North Platte. Finally, although Plaintiff received some medical care in Kearney, the majority of her treatment and care took place in Minden, which as discussed above is only 16 miles further from Lincoln than North Platte. ([Filing No. 31-4](#)).

Finally, although "the convenience of counsel is afforded less weight than the convenience of the parties and witnesses when deciding a motion to change the trial location," *Shaddick v. W. Heritage Credit Union*, 2016 WL 308792, at *1 (D. Neb. Jan. 25, 2016), this factor does not weigh in favor of moving trial to North Platte. Plaintiff's counsel is in Lincoln and Defense counsel is in North Platte; therefore, the Court agrees with Plaintiff that changing the place of trial from Lincoln to North Platte would merely shift the burden of travel and inconvenience from Defendants' counsel to Plaintiff's counsel, while gaining no advantage for the litigants or witnesses.

In consideration of the above, the Court finds that Defendants have not met their burden to show that the convenience of the litigants, witnesses, and attorneys weighs in favor of moving the place of trial to North Platte. Accordingly,

**IT IS ORDERED** that Defendants' Motion to Change Designation of Place of Trial (Filing No. 23) is denied.

Dated this 9th day of September, 2019.

BY THE COURT:

s./Michael D. Nelson
United States Magistrate Judge
